## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDERICK BANKS, *an American Indian*, ) ) ) Plaintiff, ) ) v. ) ) "VLAD", *Unknown Named FCC Forrest City Low Compound Officer*; "BAT", *Unknown Named FCC Forrest City Low Compound Officer*; MALISSA JACKSON, *Education Tech*; ANTHONY HAYNES, *Warden*; MS. JOHN, *Assistant Education Supervisor*; MIKE DOYLE, US *Congressman*; THE UNITED STATES SENATE; THE UNITED STATES CONGRESS; UNITED STATES OF AMERICA; CHARLES SAMUELS, *Director, Federal Bureau of Prisons*, ) ) ) ) ) ) ) ) ) ) ) ) ) ) Defendants. ) | Civil Action No. 13 – 829<br><br>Chief Magistrate Judge Lisa Pupo Lenihan |

### **MEMORANDUM ORDER**

Plaintiff Frederick Banks is a frequent filer who, pursuant to 28 U.S.C. § 1915(g), is barred from bringing a civil action while a prisoner without the prepayment of the full filing fee absent a showing of imminent danger and serious physical injury. He commenced the instant action on June 19, 2013, by filing a civil complaint along with a motion for leave to proceed *in forma pauperis*. It appears that Plaintiff has recently been released from federal custody and it is unclear whether he initiated the instant action while still a prisoner. Upon review, however, it appears that venue for this action lies in the Eastern District of Arkansas.

1

Among a United States Congressman and political entities, Plaintiff has sued numerous employees of the Federal Correctional Institution at Forrest City in Forrest City, Arkansas. Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Plaintiff does not allege that his claims arose out of the Western District of Pennsylvania, or that any Defendant in this action resides in the Western District of Pennsylvania. Therefore, venue is improper in this judicial district. When venue is improper, as in this case, the Court may, in the interest of justice, transfer the case to a district court in which it could have been brought. 28 U.S.C. § 1406(a). Under the facts set forth in the Plaintiff's complaint, this case could have been brought in the United States District Court for the Eastern District of Arkansas. As such, it will be transferred accordingly.

**AND NOW** this ___ day of June, 2013**;**

**IT IS HEREBY ORDERED** that, along with the pending motion for leave to proceed *in forma pauperis*, this case is **TRANSFERED** to the United States District Court for the Eastern District of Arkansas.

**AND IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED** and **TRANSFER** forthwith.

/s/ Lisa P. Lenihan
Lisa P. Lenihan
Chief United States Magistrate Judge

cc: Frederick Banks
    Post Office Box 42303
    Pittsburgh, PA  15203